Riggin v. Keck, 203 Ill. App. 87.

a disputed question of fact when amply supported by the evidence will not be disturbed.

---

## Dora M. Riggin, Appellee, v. Martin Keck, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Madison county; the Hon. H. B. EATON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. Rehearing denied and opinion modified and refiled January 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Dora M. Riggin, plaintiff, against Martin Keck, defendant, to try the right to property taken by defendant under an attachment. From a judgment in favor of plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. L. SIMPSON, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. ACKNOWLEDGMENT, § 34*—*what does not constitute fatal omission in by justice of the peace.* The omission of the words "and entered by me" made by a justice of the peace in his certificate of acknowledgment to a bill of sale does not render such bill of sale void as to third parties.

2. ACKNOWLEDGMENT, § 44*—*when presumed that proper entry of certificate of is entered in record of justice of the peace.* It will be presumed, on appeal, in absence of evidence to the contrary, that an entry of a certificate of acknowledgment to a bill of sale was entered by a justice of the peace in his records.

3. FRAUDULENT CONVEYANCES, § 89*—*when bill of sale by husband to wife is valid.* Where a husband is indebted to his wife. at the time he executes a bill of sale to her of certain personal property, and said bill of sale is made upon a sufficient consideration and is a fair transaction, it is valid and binding notwithstanding he may be at the time indebted to other parties.

4. FRAUDULENT CONVEYANCES, § 284*—*when good faith in making transfer is question for jury.* The question whether a husband's conveyance to his wife of certain personal property is for a bona fide debt to her and made in good faith and not in fraud of the rights of creditors is one of fact for the jury, and their finding should not be disturbed unless against the manifest weight of the evidence.

5. APPEAL AND ERROR, § 1562*—*when refusal of abstract instruction is harmless error.* The refusal of an instruction which is abstract in form though correct in announcing the principle of law is discretionary with the court and is not reversible error, particularly if such instruction is long and involved and would tend to confuse rather than enlighten the jury.

6. APPEAL AND ERROR, § 1525*—*when defective instructions are not reversibly erroneous.* Instructions are to be taken as a whole, and if when so taken the jury could not have been misled by the failure of some of the instructions to require the jury to find from a preponderance of the evidence, such failure is not reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR, § 1546*—*when giving of instruction assuming facts is harmless error.* An instruction which assumes a fact is erroneous, but where such instruction does not direct a verdict, and the error is not serious when the instruction is considered with other instructions, and the facts assumed arise only incidentally, the giving of such instruction is not reversible error.